IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FLEX-ABILITY CONCEPTS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-05-755-D |
| RADIUS TRACK CORPORATION, | ) ) ) |
| Defendant. | ) ) |

**O R D E R**

This matter is before the Court on cross-motions for summary judgment filed by the parties: Plaintiff's Motion for Partial Summary Judgment on Inducement of Infringement [Doc. 79 (sealed), Doc. 99 (unsealed)]; and Defendant's Motion for Summary Judgment [Doc. 75]. Both Motions have been fully briefed and orally argued. Following oral argument on November 24, 2008, the Court granted Plaintiff's request to supplement the summary judgment record to include additional materials regarding Defendant's pending patent application, and the parties filed supplemental briefs. [Docs. 133, 134.] Upon consideration of the dispositive issues, the Court finds the case can be decided as a matter of law pursuant to Fed. R. Civ. P. 56.

This case concerns U.S. Patent No. 6,625,942, entitled "Apparatus and Methods of Forming a Curved Structure" (the '942 Patent). Plaintiff claims Defendant has infringed and has induced infringement of Claim 56 of the '942 Patent by making and selling products called Ready Track without license from Plaintiff. Defendant has counterclaimed for a declaration of non-infringement or invalidity of the '942 Patent.[1]

---

[1] Defendant initially asserted a second counterclaim for unfair competition, which was voluntarily dismissed by stipulation of the parties. *See* Joint Stipulation [Doc. 69].

**The Parties' Motions for Summary Judgment**

Plaintiff's Motion seeks summary judgment on the issue of Defendant's liability for inducing patent infringement. Plaintiff contends the undisputed facts establish that an apparatus created by joining two pieces of the accused product, Ready Track, literally infringes Claim 56 of the '942 Patent and that Defendant knowingly induced infringement by third parties through its manufacture and sale of the product. In response, Defendant argues that the accused device under Plaintiff's summary judgment theory (two pieces of Ready Track joined together) does not contain every element of Claim 56 and so does not infringe the '942 Patent and that Defendant neither manufactures or sells the accused device, nor knowingly induces others to use its product in an infringing manner.

Defendant's Motion seeks summary judgment in its favor on the issue of infringement. Such a ruling, if issued, would resolve both Plaintiff's infringement claim and Defendant's counterclaim for a declaration of non-infringement. Defendant contends the undisputed facts establish that its product does not infringe Claim 56 of the '942 Patent, either literally or under the doctrine of equivalents. In response to Defendant's Motion, Plaintiff re-urges the theory of liability asserted in its Motion, namely, that Defendant induces infringement by third parties when two pieces of Ready Track are joined. Plaintiff also asserts that Defendant's product infringes when a single piece of Ready Track is viewed as the accused device under a theory of either literal infringement or the doctrine of equivalents.

**Standard of Decision**

Summary judgment is appropriate if the pleadings, affidavits, and evidence on file "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is essential to the disposition of a

claim under controlling law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a rational trier of fact could resolve the issue either way. *See id.* All facts and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, then all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. In a patent case, "[s]ince the ultimate burden of proving infringement rests with the patentee, an accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Laboratories, Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(e)(2). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Statement of Undisputed Facts**

Plaintiff owns the '942 Patent, of which Claim 56 states in full as follows:

56. An apparatus comprising:

a plurality of sections, each <u>section</u> having a <u>base portion</u> and a first <u>track portion</u>;

3

>a <u>connection pivotally attached</u> to the base portions of adjacent sections; and
>
>a first strap member having a rectangular cross-section <u>slidably engaging</u> the first track portion, the first strap member integrally formed with and extending from the first track portion.

*See* Compl, Ex. A [Doc. 1-2], col.8, ll.59-67 (emphasis added). By Order of March 30, 2007, the previously assigned judge decided claim construction issues pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996), and its progeny.[2] The disputed terms, emphasized above, were defined as follows:

>"[S]ection" means "a part that is initially separate and is to be later joined."
>
>"[B]ase portion" means "the part of the section that would contact the floor or the ceiling if a runner were being used to form a conventional vertical wall."
>
>"[T]rack portion" means "a part of the section that is attached to one side of the base portion and oriented in a plane other than that of the base portion."
>
>"[C]onnection pivotally attached" means "a non-integral part or link that is attached to each of the base portions of adjacent sections so as to allow pivoting or rotation between the two adjacent sections."
>
>"[S]lidably engaging" means "the strap member is held in contact with the track portion while allowing movement parallel to the flat surface of the strap or track."

*See* Order 3/30/07 [Doc. 48] at 6, 7, 8, 10.

Defendant manufactures and sells a flexible stud rail apparatus, Ready Track, produced in two lengths, 8 feet and 10 feet. Each 8-foot or 10-foot product is a one-piece design made from a single sheet of metal, but more than one Ready Track may be needed to construct a curved wall or structure greater than 8 or 10 feet in length. When using two pieces of Ready Track in combination, the pieces can be joined together and assembled by means of a tab that extends from the base of each

---

[2] The undersigned subsequently denied a motion by Plaintiff to reconsider Judge Thompson's *Markman* Order. *See* Order 6/20/08 [Doc. No. 125].

Ready Track and a strap member that extends from a track portion of each Ready Track. Additional facts concerning Defendant's product are stated as necessary in the discussion below.

## Discussion

Plaintiff advances two theories of Defendant's alleged liability for manufacture and sale of Ready Track products: 1) Ready Track is an infringing device; and 2) Ready Track's design induces third parties to create an infringing device by joining two pieces of Ready track together. Under both theories, Plaintiff must prove direct infringement and "must show that the accused device meets each claim limitation, either literally or under the doctrine of equivalents." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004). At this stage of the case, the analysis for a determination of infringement involves a "comparison of the claim to the accused device, [and] requires a determination that every claim limitation or its equivalent be found in the accused device." *Warner-Lambert Co. v. Purepac Pharm. Co.* (*In re Gabapentin Patent Litigation*), 503 F.3d 1254, 1259 (Fed. Cir. 2007). These determinations are questions of fact. *Id*. However, "a literal infringement issue is properly decided upon summary judgment when no genuine issue of material fact exists, in particular, when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998). The issue of infringement under the doctrine of equivalents may also be decided on summary judgment, as explained by the Supreme Court:

> Where the evidence is such that no reasonable jury could determine two elements to be equivalent, district courts are obliged to grant partial or complete summary judgment. . . . [U]nder the particular facts of a case, if prosecution history estoppel would apply or if a theory of equivalence would entirely vitiate a particular claim element, partial or complete summary judgment should be rendered by the court, as there would be no further *material* issue for the jury to resolve.

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 39 n.8 (1997) (emphasis in original); *see Bai*, 160 F.3d at 1353-54.

**1.     Infringement by the Joining of Ready Track**

Plaintiff's primary theory of infringement – third parties assemble an apparatus that contains all elements of Claim 56 by physically joining two pieces of Ready Track together – is flawed.

Claim 56 discloses an apparatus whose first limitation requires "a plurality of sections, each section having a base portion and a first track portion." Each 8-foot or 10-foot piece of Ready Track is itself an apparatus and not simply a "section" – that is, "a part that is initially separate and is later to be joined" – to comprise an apparatus. As demonstrated by Plaintiff's claim of infringement directed at a single piece, Ready Track serves the same purpose and operates in the same way regardless of length; it need not be joined with another piece to constitute an apparatus.

The only fact or evidence presented by Plaintiff to establish that a piece of Ready Track constitutes a "section" is a conclusory affidavit of its expert, Dr. Roger A. LaBoube, to this effect.[3] The case law of the Federal Circuit is clear that the party who must provide probative evidence of infringement "does not meet this evidentiary threshold merely by submitting the affidavit of an expert who opines that the accused device meets the claim limitations." *Novartis*, 271 F.3d at 1050-51; *see Dynacore*, 363 F.3d at 1278 ("It is well settled that an expert's unsupported conclusion on the ultimate issue of infringement is insufficient to raise a genuine issue of material fact, and that a party may not avoid that rule simply by framing the expert's conclusion as an assertion that a particular critical claim limitation is found in the accused device."); *Arthur A. Collins, Inc. v. Northern Telecom Ltd.*, 216 F.3d 1042, 1046 (Fed. Cir. 2000) ("an unsupported assertion that the

---

[3] In its reply brief, Plaintiff also points to places in the record in which a piece of Ready Track was referred to as a "section" of Ready Track. These references were made without regard to the term employed in Claim 56 of the '942 patent.

6

accused device contains a critical claim limitation" was insufficient).[4]  Here, Dr. LaBoube's statement that "[e]ach piece of Ready Track constitutes a section since it is an initially separate part that is later to be joined" is too broad and conclusory to support a finding that a piece of Ready Track is a "section" within Claim 56.

More importantly, even viewing each 8-foot or 10-foot piece of Ready Track as a "section," Plaintiff has presented no fact or evidence to show that the apparatus created by joining two pieces together would constitute a "plurality" of sections. Because the parties did not request construction of the term "plurality" in Claim 56, the Court considers it to be a commonly understood word used in Claim 56 according to its widely accepted meaning. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc) ("In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than application of the widely accepted meaning of commonly understood words."). Common meanings of "plurality" are "the state of being plural" or "the state of being numerous" or "a large number or quantity." *See* Webster's Ninth New Collegiate Dictionary 906 (1988). Plaintiff points to no fact or evidence to suggest that two sections joined together would constitute a "plurality," which connotes multiple sections and not simply two.

In short, on the record presented, no reasonable jury could find every limitation of Claim 56 in the accused device created by joining two pieces of Ready Track together. Therefore, the Court

---

[4] Regional circuit law supplies the standard for determining whether an expert's opinion is sufficiently specific "since the factual foundation necessary to support an expert's opinion is not a matter peculiar to patent law." *Novartis*, 271 F.3d at 1051. Research reveals, however, that the Tenth Circuit "follow[s] the well-settled principle that an expert opinion may not be sufficient to overcome summary judgment if 'it is conclusory and thus fails to raise a genuine issue of material fact.'" *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001) (quoting *Matthiesen v. Banc One Mortgage Corp.*, 173 F.3d 1242, 1247 (10th Cir.1999)). The Tenth Circuit has adjudged expert affidavits to be conclusory where they fail to provide sufficient detail to permit an opposing party or the court to evaluate the stated opinion. *See Elliott Indus. Ltd. P'ship v. BP Amer. Prod. Co.*, 407 F.3d 1091, 1122 (10th Cir. 2005); *Matthiesen*, 173 F.3d at 1247.

finds that Plaintiff has failed to show infringement through the joinder of Ready Track apparatuses together to assemble a larger apparatus.

Further, to prevail on Plaintiff's theory of an accused device assembled by third parties from two Ready Track pieces, Plaintiff must prove that Defendant "'knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697 (Fed. Cir. 2008) (quoting *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007)). The standard for establishing the requisite intent was clarified by the Federal Circuit's en banc holding in *DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006), that a plaintiff must show the alleged infringer "knew or should have known his actions would induce actual infringements." *Id.* at 1304 (internal quotation omitted). Thus to establish liability for inducing infringement,

> a patent holder must prove that once the defendants knew of the patent, they actively and *knowingly* aided and abetted another's direct infringement. However, knowledge of the acts alleged to constitute infringement is not enough. The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven.

*Id.* at 1305 (quotations, alterations and citations omitted) (emphasis in original). The Federal Circuit further explained in *DSU Medical Corp.*:

> [T]he intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement. In the words of a recent decision, inducement requires "'that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" Accordingly, inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.

*Id.* at 1306 (citations omitted).

Plaintiff argues in support of the intent element of its inducement claim that Defendant "is aware that the Ready Track product can be assembled in this [allegedly infringing] manner" at a

8

construction site. *See* Pl.'s Mot. Summ. J. [Doc. 99] at 14. In its reply brief, Plaintiff further attempts to demonstrate intent from facts regarding the design of Ready Track, arguing that the presence of a pre-drilled tab that can be overlapped with the tab on another piece of Ready Track and connected with a screw invites the allegedly infringing use. According to Plaintiff, "[b]y incorporating this tab, Radius Track knows or should know that the product will be used in an infringing manner." *See* Pl.'s Reply Br. [Doc. 121] at 3. Plaintiff offers no evidence that Defendant incorporated the tab into the Ready Track design with knowledge of the '942 Patent or that Defendant otherwise engaged in any conduct after being put on notice of the '942 Patent with the intent to encourage third parties' infringement. Clearly, Plaintiff fails to present sufficient proof of culpable conduct by Defendant directed to encouraging third parties to infringe Plaintiff's patent that would permit a determination *as a matter of law* that Defendant had an affirmative intent to cause direct infringement. Therefore, Plaintiff would not be entitled to a judgment on its theory of inducing infringement in any event.

**2.    Infringement by One Ready Track**

Plaintiff also seeks to show that all elements of Claim 56 are met by one 8-foot or 10-foot Ready Track apparatus, either through literal infringement or application of the doctrine of equivalents. For Plaintiff to prevail under its literal infringement theory, the single-piece construction of the Ready Track must be disregarded so that it can appear as a plurality of "sections" that are separate and later to be joined. Plaintiff, through its expert witness, attempts to accomplish this feat by focusing on an isolated portion of the Ready Track apparatus (through a cropped photograph highlighting the portion "below the crimp or bend") and thus creating an appearance of separation between segments that are in fact integrally formed and connected together. *See* Pl.'s Resp. Def.'s Mot. Summ. J. [Doc. 106] at 11, 19.

Again, the only fact or evidence presented by Plaintiff to establish that a single piece of Ready Track is made up of "sections" is the affidavit of its expert, Dr. LaBoube. As discussed above, the party who must provide probative evidence of infringement "does not meet this evidentiary threshold merely by submitting the affidavit of an expert who opines that the accused device meets the claim limitations." *Novartis*, 271 F.3d at 1050-51; *see Dynacore*, 363 F.3d at 1278; *Arthur A. Collins*, 216 F.3d at 1046. Here, Dr. LaBoube opines that "[t]he sections of an 8' or 10' foot piece of Radius Track product . . . constitutes [sic] initially separate parts later to be joined" by looking only at the "bottom portion of the section (below the crimp or bend in the photo above)" and ignoring the remainder of the "section." *See* Pl.'s Resp. Def.'s Motion, Ex. 1, LaBoube Decl. [Doc. 106-2], ¶ 5.a.; Ex. 5, LaBoube Report [Doc. 106-6] at 8 (page 13 of the electronic document). Dr. LaBoube provides no basis for his dissection of the unitary Ready Track product into "sections" in this manner, other than to meet the element of separateness required by the Court's definition. The Court finds that no reasonable jury could reach a finding that a single Ready Track device is comprised of a plurality of "sections" within Claim 56. Therefore, Defendant is entitled to summary judgment on Plaintiff's claim of literal infringement.

A similar dissection of the Ready Track apparatus is needed to prevail under Plaintiff's doctrine-of-equivalents theory, which focuses on whether the integral connection (a crimp) between the "sections" of a Ready Track apparatus is the functional equivalent of a "connection pivotally attached" (as defined to be a "non-integral part or link"). In making its argument under this theory, Plaintiff refers to a single Ready Track apparatus as a plurality of "sections," without further explanation, and again focuses on a degree of separateness that is limited to only the "bottom portion" of the integrally formed segments of the apparatus. *See* Pl.'s Resp. Def.'s Motion, Ex. 1, LaBoube Decl. [Doc. 106-2], ¶ 6.a. In so doing, Plaintiff effectively eliminates a particular claim

element as defined by the *Markman* Order – initially separate sections – that, at this stage of the case, cannot be disregarded. In short, the Court finds that integrally connected segments are opposite to separately attached sections such that, as a matter of law, these two elements cannot be considered to be equivalent. For this reason, Defendant is entitled to summary judgment. *See Warner-Jenkinson Co.*, 520 U.S. at 39, n.8 ("Where the evidence is such that no reasonable jury could determine two elements to be equivalent, district courts are obliged to grant partial or complete summary judgment.").

Further, Plaintiff attempts to create a factual issue regarding its doctrine-of-equivalents theory by arguing that "an accused product infringes if it performs substantially the same function in substantially the same way to give substantially the same result." *See* Pl.'s Resp. Def.'s Mot. Summ. J. [Doc. 106] at 22, 27. The focus of the doctrine is not an equivalency of <u>products</u> but of individual <u>elements</u>:

> Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole. It is important to ensure that the application of the doctrine, even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety.

*Warner-Jenkinson Co.*, 520 U.S. at 29. Here, under Plaintiff's view and its expert's testimony, Ready Track's integral segments connected by a crimp are equivalent to Claim 56's separate sections connected by a non-integral part or link. However, in arguing this position, Plaintiff focuses solely on the equivalence between a crimp and a separate link; it fails to address the alleged equivalence between integral segments and separate sections. Thus, Plaintiff has failed to present sufficient facts or evidence to establish that every element of Claim 56 is represented by an equivalent element of the Ready Track apparatus.

For these reasons, Defendant is entitled to summary judgment on Plaintiff's claim of infringement under the doctrine of equivalents.

## Conclusion

For the above reasons, the Court finds that Plaintiff has failed to establish its claim of patent infringement and that Defendant is entitled to a declaratory judgment of non-infringement.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment on Inducement of Infringement [Docs. 79 & 99] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Doc. 75] is GRANTED.  Judgment shall be entered accordingly.

IT IS SO ORDERED this 6th day of April, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE